UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DARYL C.,

               Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant

_____

**DECISION AND ORDER**

1:22-CV-00847 CDH

## INTRODUCTION

Plaintiff Daryl C. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"), pursuant to Title XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 19 Dkt. 21; Dkt. 28). For the reasons that follow, the Court grants Plaintiff's motion to the extent that the matter is remanded for further administrative proceedings and denies the Commissioner's motion.

## BACKGROUND

On June 30, 2017, Plaintiff protectively filed an application for SSI. (Dkt. 6 at

- 1 -

28; Dkt. 9 at 117).[1] His application was initially denied on November 6, 2017. (Dkt. 6 at 128; Dkt. 9 at 128). Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Dkt. 9 at 134-36). Plaintiff appeared for a hearing on December 19, 2019, but "appeared to have an altered mental status and was not competent to understand and respond to questioning[.]" (Dkt. 6 at 28). The hearing ultimately went forward on May 6, 2021. (*Id.* at 28, 54-84). On June 3, 2021, the ALJ issued an unfavorable decision. (*Id.* at 25-53). Plaintiff sought review from the Appeals Council, which denied his request on September 6, 2022. (*Id.* at 8-13). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I.     Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* § 416.920(a)(4)(ii). An impairment is

---

[1]     In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

"severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* § 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* § 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 416.920(a)(4)(v).

"When there is medical evidence of an applicant's drug or alcohol abuse, the disability inquiry does not end with the five-step analysis." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012) (internal quotation marks omitted and citing

20 C.F.R. § 416.935(a)). Under such circumstances, the ALJ must determine whether the substance abuse is "a contributing factor material to the determination of disability[.]" 20 C.F.R. § 416.935(a). To make this determination, the ALJ evaluates "evaluate[s] which of [the claimant's] current physical and mental limitations . . . would remain if [the claimant] stopped using drugs or alcohol and then determine[s] whether any or all of [the claimant's remaining limitations would be disabling." *Id.* § 416.935(b)(2). If the ALJ determines that the remaining limitations would not be disabling, the ALJ will find that the substance abuse "is a contributing factor material to the determination of disability." *Id.*

## II.   <u>Review by the Court</u>

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for disability benefits. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (citation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

 "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).

- 4 -

However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I.    The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since April 1, 2017, the alleged onset date. (Dkt. 6 at 31). The ALJ found at step two that Plaintiff had the following severe impairments: "bipolar disorder; generalized anxiety disorder; schizoaffective disorder; adjustment disorder with mixed emotions; and polysubstance use disorder[.]" (*Id*.).

The ALJ found at step three that even with his substance use, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 31-33). At step three, the ALJ particularly considered the requirements of the Listings found in § 12.00 of Appendix 1. (*Id*.).

The ALJ assessed Plaintiff's RFC and determined, based on all of the impairments, including Plaintiff's substance use, that Plaintiff retained the ability to perform the full range of work at all exertional levels, with the following limitations:

> [Plaintiff] is able to perform low stress work defined as simple, routine, repetitive work and make simple workplace decisions not performed at a production rate, or assembly line, pace. He can tolerate minimal changes in workplace processes and settings and have occasional interaction with supervisors, coworkers, and the public. He cannot perform tandem or team work. He would consistently have more than

> one unscheduled absence from work per month due to the combination of his psychiatric disorders and polysubstance use disorder.

(*Id*. at 34). The ALJ then proceeded to step four and found that Plaintiff had no past relevant work. (*Id*. at 39). The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id*.).

Consistent with 20 C.F.R. § 416.935, the ALJ proceeded to determine whether Plaintiff's substance use disorder was a contributing factor material to the determination of disability. The ALJ concluded that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 40). The ALJ then found that if Plaintiff stopped the substance use, he would have the RFC to perform the full range of work at all exertional levels, with the following limitations:

> [Plaintiff] is able to perform low stress work defined as simple, routine, repetitive work and make simple workplace decisions not performed at a production rate, or assembly line, pace. He can tolerate minimal changes in workplace processes and settings and have occasional interaction with supervisors, coworkers, and the public. He cannot perform tandem or team work.

(*Id*. at 42). The ALJ next found that if Plaintiff stopped the substance use, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id*. at 45-46). The ALJ ultimately concluded that Plaintiff had not been disabled, as defined in the Act, at any time from the alleged onset date through the date of the ALJ's decision. (*Id*. at 46).

## II.    Remand for Further Administrative Proceedings is Required

Plaintiff argues that the ALJ committed reversible error because: (1) she failed to properly consider Plaintiff's need for a "structured setting" at step three; and (2) she failed to properly evaluate the opinion of treating psychiatrist Dr. Hany Shehata. (Dkt. 19-1 at 15-24). For the reasons discussed below, the Court agrees that the ALJ erred in analyzing Dr. Shehata's opinion and that remand is required on this basis. The Court accordingly need not and does not address the other argument raised by Plaintiff.

An ALJ's conclusions "need not perfectly match any single medical opinion in the record[.]" *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). However, the ALJ must support her conclusions with substantial evidence, and must do so in a way that "build[s] an accurate and logical bridge from the evidence to his conclusion to enable a meaningful review." *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (original alteration omitted and quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). Remand is appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013).

Dr. Shehata and licensed mental health counselor Erin Marinello jointly completed a medical source statement on March 15 and 18, 2019, in which they assessed Plaintiff's ability to function. (Dkt. 10 at 433-38). Dr. Shehata and Ms. Marinello noted that Plaintiff's symptoms varied "depending on mood, phase of mood, and sobriety." (*Id.* at 433). Of particular relevance to the Court's analysis, Dr. Shehata and Ms. Marinello indicated that Plaintiff's impairments or treatment would

cause him to be absent from work "less than once a month," "about once a month," and "about twice a month." (*Id.* at 435). They explained that Plaintiff's ability to "[m]aintain regular attendance and be punctual within customary, usually strict, tolerances" would be "dependent on where [his] mental health is at" and "how he gets along with co-workers." (*Id.* at 435-36).

The ALJ found Dr. Shehata's and Ms. Marinello's opinion "generally persuasive," noting that they had treated Plaintiff throughout the relevant period. (Dkt. 6 at 39). "Based on the statement from Dr. Shehata and Ms. Marinello in combination with the longitudinal record," the ALJ concluded that Plaintiff's "combined psychiatric and substance use disorders would cause [Plaintiff] to experience more than one excused absence from work each month even in a low stress position." (*Id.*).

The ALJ then went on to conclude that "in the absence of his substance use disorder, the record supports finding the claimant would not experience regular unscheduled absences from work due to episodes of psychosis or psychiatric decompensation." (*Id.* at 45). But the ALJ offered no reasoned explanation for that conclusion. Importantly, the ALJ acknowledge that in their opinion, Dr. Shehata and Ms. Marinello "estimated that the claimant would miss an average of less than one or up to two absences from work each month, though they did not indicate whether this factored in the claimant's substance use." (*Id.* at 38 (citation omitted and emphasis added)). "When substance abuse cannot be parsed out from mental health limitations, substance abuse cannot be held material to a finding of disability." *Christopher G. v. Comm'r of Soc. Sec.*, No. 23-CV-0433-LJV, 2024 WL 4308311, at *5

(W.D.N.Y. Sept. 26, 2024) (quotation omitted); *see also Bennett v. Comm' r of Soc. Sec.*, No. 22-CV-882SR, 2025 WL 2793579, at \*5 (W.D.N.Y. Sept. 30, 2025) (same); *Licht v. Comm'r of Soc. Sec.*, No. 19-CV-00896, 2020 WL 4047480, at \*6 (W.D.N.Y. July 20, 2020) (same).

Here, the ALJ herself acknowledged that Dr. Shehata's and Ms. Marinello's opinion—which she found generally persuasive and supported by the evidence of record—shed no light on whether Plaintiff's absenteeism would be the result of his mental health conditions or his substance abuse. (Dkt. 6 at 38). Moreover, the record contains numerous indications, as acknowledged by the ALJ, of the interrelatedness of Plaintiff's mental health impairments and his substance abuse. (*See, id.* at 35 (ALJ noting that "it was unclear whether [Plaintiff's] reported hallucinations were caused by or the cause of his co-occurring substance use" and that Plaintiff "required combined substance use and psychiatric treatment to remain sober and stabilize his mental health symptoms"), 40 (ALJ concluding that Plaintiff's "combined psychiatric and substance use disorders would cause [Plaintiff] to experience more than one excused absence from work each month even in a low stress position"). In light of the ambiguity in the record, the ALJ's failure to explain how she determined it was Plaintiff's substance abuse alone that would cause him to regularly be absent from work constitutes error.[2]

---

[2]    The ALJ did summarize evidence showing that Plaintiff "generally maintained a stable mental status with sobriety <u>and</u> compliance with mental health treatment" (Dkt. 6 at 36 (emphasis added)), but she failed to tie this evidence to Plaintiff's ability to maintain regular attendance in a work setting. Moreover, noncompliance with mental health treatment is not analyzed the same as substance abuse for purposes of the Act. *See Cornell v. Astrue*, No. 7:11-CV-1064 GTS, 2013 WL 286279, at \*8

This error was not harmless. Had the ALJ concluded that Plaintiff would have more than one unscheduled absence from work per month even if he stopped his substance use, it would have led to a different outcome. Accordingly, "[r]emand is appropriate for further findings and a clearer explanation for the decision." *Licht*, 2020 WL 4047480, at *6. Having reached this conclusion, the Court need not and does not reach Plaintiff's argument that the ALJ erred in her step three analysis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 19) is granted to the extent that the matter is remanded for further administrative proceedings. The Commissioner's motion for judgment on the pleadings (Dkt. 21) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:    March 23, 2026
          Rochester, New York

---

(N.D.N.Y. Jan. 24, 2013) ("Courts have observed that faulting a person with a diagnosed mental illness for failing to pursue mental health treatment is a questionable practice.") (quotation omitted). By conflating the effects of substance use and the effects of noncompliance with mental health treatment, the ALJ compounded the error identified by the Court. (*See also* Dkt. 6 at 37 ("[T]reatment records from 2019 and 2020 show a number of psychiatric decompensations due to substance abuse relapses and medication non-compliance that resulted in multiple inpatient hospitalizations and rehabilitation stays[.]") (emphasis added)).

- 10 -